**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0069-19T1

ALBERT WITTIK,

    Plaintiff-Appellant,

v.

DEBRA WITTIK,

    Defendant-Respondent/
    Third-Party Plaintiff,

v.

ANGELA SUSKE, individually
and as Guardian for NICHOLAS
SUSKE and NINA SUSKE;
NICHOLAS SUSKE, individually,
NINA SUSKE, individually,
and THERESA ANGELO,

    Third-Party Defendants.

_____

Submitted September 14, 2020 – Decided October 1, 2020

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0426-12.

Albert Wittik, appellant pro se.

Jeney, Jeney & O'Connor, LLC, attorneys for respondent (Carol A. Jeney, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Albert Wittik appeals from an August 16, 2019 Family Part order denying his motion to vacate his two-year-old judgment of divorce (JOD), pursuant to Rule 4:50-1, and denying his motion for an accounting of the distribution of the marital assets. We affirm.

We glean these facts from the record. Plaintiff and defendant Debra Wittik were married in 1982. No children were born of the marriage. However, plaintiff has an adult daughter, Angela Suske, from a prior marriage. In 2011, plaintiff filed a complaint for divorce in New Jersey, and defendant filed an answer and counterclaim, seeking equitable distribution and other relief. By leave granted, defendant later filed a third-party complaint naming Suske, Suske's children, and plaintiff's mother as third-party defendants, alleging that, among other things, plaintiff's transfer of property to Suske prior to the filing of the divorce complaint was an attempt to prevent defendant from receiving her share of the marital property. Suske later appealed the adjudication of the third-

party complaint, which resulted in an unpublished opinion "[r]evers[ing] and remand[ing] for a hearing . . . ." Wittik v. Wittik, No. A-0333-17 (App. Div. Dec. 3, 2018) (slip op. at 9). That decision has no bearing on this appeal.

In 2016, plaintiff's divorce complaint was dismissed with prejudice on defendant's motion. As a result, default was entered on defendant's counterclaim, and a default hearing was conducted on May 1 and 2, 2017,[1] after which a June 26, 2017 JOD was entered granting the divorce on defendant's counterclaim, effective May 18, 2017,[2] and awarding defendant $500,000 as her share of equitable distribution as well as $169,587.50 in counsel fees.

In the JOD, a trustee was appointed, given "title to . . . all of . . . [p]laintiff's real and personal property[,]" and authorized "to identify, locate, and pay [defendant] her equitable distribution" and "counsel fees." Pursuant to the JOD, payment of the trustee's "legal fees and other expenses" was to be made "solely out of [p]laintiff's assets." On August 28, 2017, an amended JOD was entered. The amended provisions are not pertinent to this appeal. Thereafter, in a

---

[1] During the default hearing, both defendant and plaintiff, who was then represented by counsel, testified.

[2] The trial court entered an oral decision on the record in the presence of the parties and counsel on May 18, 2017, which was later memorialized in the JOD.

A-0069-19T1

September 18, 2017 order, plaintiff's motion for reconsideration of certain provisions of the JOD and a stay of enforcement pending appeal was denied. Plaintiff never appealed the JOD.

Subsequently, in June or July 2019, plaintiff filed two separate pro se motions, one to vacate the JOD and one for an accounting and return of certain assets. Plaintiff requested a return date of August 16, 2019, on the motion to vacate the JOD, and a return date of August 2, 2019, on the accounting motion. However, on July 18, 2019, he was notified by the Family Part Division Manager that the "requested" August 2, 2019 date could not "be accommodated" and the motion would "be heard [instead] on August 16, 2019[,]" which was the date plaintiff had requested for his other motion. Additionally, in defendant's July 30, 2019 opposition to plaintiff's motions, defense counsel acknowledged that plaintiff "filed two separate motions[,]" and that the motions were "being heard simultaneously on August 16, 2019."

To support her opposition to plaintiff's motions, defendant submitted several certifications, including a July 29, 2019 certification prepared by the appointed trustee. In the certification, the trustee accounted for and detailed all funds obtained from plaintiff and paid to defendant pursuant to the JOD, indicated that there was an anticipated shortfall in the amount needed to satisfy

the JOD even after the upcoming sale of certain real property, and averred that "contrary to . . . [p]laintiff's claims, the amount . . . owe[d] . . . defendant has not been fully much less overly satisfied."

On August 16, 2019, during oral argument on the motions, "by way of background," the judge stated that plaintiff was moving to vacate the JOD, and "for an accurate and certified accounting of all assets." When the judge queried plaintiff on his reasons for seeking to vacate the JOD, plaintiff responded that "[he] thought [they] were [th]ere" on the accounting motion, and that he "[did not] bring th[e other] file[,]" and was not "prepared" on the motion to vacate the JOD.

Nevertheless, in response to the judge's questions, plaintiff stated that he was seeking to vacate the JOD "[s]imply because . . . [he] discovered during the past two years . . . [that his] daughter won [her] appeal on due process [grounds]." Plaintiff explained that "[he] probably was entitled to the same [relief] because [he] never received a trial . . . even though [he] demanded it more than once." Additionally, according to plaintiff, "the presiding judge at the . . . hearing in May [2017] deliberately lied about a particular . . . check that [plaintiff] wrote in 2004[,]" which check plaintiff had included in his moving papers along with the pertinent pages of the default hearing transcript. Plaintiff

A-0069-19T1

explained the judge claimed that he "used [the check] to buy [his] ex-wife a car, which was never true."

As to the accounting motion, plaintiff acknowledged that "defendant provide[d him with] an accounting of all the money and the assets" obtained from him "during the past two years." However, without any evidential support other than his self-serving statements, plaintiff asserted that "[a]ccording to [his] accounting," defendant obtained $270,000 more than she was entitled to under the JOD. Thus, plaintiff sought an order indicating that the 2017 "judgment . . . [was] satisfied" and a return of "all the excess monies."

The judge denied both motions in an August 16, 2019 order. In an accompanying written statement of reasons, regarding the motion to vacate the JOD, the judge found that plaintiff was "out of time" and failed to "satisf[y] the conditions under [Rule] 4:50-1 to vacate a final judgment." See In re Estate of Schifftner, 385 N.J. Super. 37, 41 (App. Div. 2006) ("Rule 4:50-1 provides for relief from a judgment in six enumerated circumstances."); R. 4:50-2 ("The motion shall be made within a reasonable time, and for reasons (a), (b) and (c) of R. 4:50-1 not more than one year after the judgment . . . .").

The judge explained that

> the parties have been divorced for over two years,
> after a two[-]day default hearing . . . . Plaintiff

has not provided any credible, verifiable documentation/information which would suggest that [p]laintiff asked for a trial and did not receive one. Additionally, [p]laintiff alleges wrong doing by [the judge], however provides the [c]ourt with no proof to substantiate his claims, just a copy of the 2004 check and his oral testimony that the check was not used to purchase a car. Lastly, [p]laintiff did not file an appeal

. . . .

In his present appeal from the August 16, 2019 order, plaintiff argues that the judge's decision was "unfair, unjust, and unreasonable" because he was never "officially and/or unofficially" notified that the "two completely separate [m]otions" would be "combin[ed]" and scheduled "as one." Further, defendant argues the judge's "unwarranted[] focus" on "the unscheduled [m]otion . . . obfuscate[ed] the true purpose of the scheduled [m]otion." We have considered these contentions in light of the record and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION